UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TODD WHITAKER                                          CIVIL ACTION

VERSUS                                                 NO. 09-3710

SHERIFF MARLIN N. GUSMAN                               SECTION "A"(5)

**REPORT AND RECOMMENDATION**

Plaintiff, Todd Whitaker, is a prisoner currently incarcerated in Orleans Parish Prison ("OPP"). He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. §1983 against Orleans Parish Criminal Sheriff Marlin N. Gusman. Whitaker alleges that he was subjected to unconstitutional conditions of confinement at OPP. He also complains that he was not allowed to vote in the most recent presidential election and that a payroll check provided by his former employer was not properly deposited into his OPP prison account. In relief, Whitaker seeks monetary damages, along with a written explanation as to why his "civil rights were neglected and violated".

**ANALYSIS**

I.   STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless of whether it has also been filed in forma pauperis. 28 U.S.C. §1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be

dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. §1915A(b)(1).

"A federal court may dismiss a claim <u>in forma pauperis</u> 'if satisfied that the action is frivolous or malicious.'" <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. §1915(d), now incorporated in 28 U.S.C. §1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)). An <u>in forma pauperis</u> complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such

relief may be dismissed <u>sua sponte</u> at any time under 28 U.S.C. §1915(e)(2).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. §1915(e) as frivolous because it lacks an arguable basis in law under the broadest reading.[1]

## II. Conditions of Confinement

Whitaker alleges that upon his arrest on October 14, 2008, it was two days before he was provided with a mattress. He was transferred to a temporary housing facility known as "the tents", where he admits that he was provided with a mattress, but he had to sleep on the mattress on the floor.[2] Further, Whitaker complains that during his stay at "the tents", there was a lack of toilet paper and problems with dust, rodents, spiders, roaches and flies.

Thereafter, Whitaker was transferred to OPP's House of Detention ("HOD"). Upon this transfer, it took a couple of days before Whitaker was supplied with a mattress and, for two to three weeks while housed in HOD, Whitaker slept on a

---

[1] <u>Pro se</u> civil rights complaints must be broadly construed. <u>Moore</u>, 30 F.3d at 620.

[2] Whitaker's allegations in this regard are corroborated by his "Inmate Location Change History" (a copy of which is attached hereto), which reflects that Whitaker was booked on October 14, 2008, placed in Central Lock-up on October 15, 2008, and then, on October 16, 2008, was transported to "the tents", where he admits that he was provided with a mattress. Thus, Whitaker went without a mattress for no more than two days, October 14-15, 2008.

3

mattress on the floor. Further, Whitaker complains that he was not immediately provided with an "intake kit", containing toiletries such as a toothbrush, upon his transfer to HOD. Whitaker stated that it took several weeks before he received an intake kit following his transfer to HOD.

Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case. Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999); Hamilton v. Lyons, 74 F.3d 99, 104 n.3 (5th Cir. 1996); Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996). In Hare, the Fifth Circuit held that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs and that a jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to the inmate, but responded with deliberate indifference to that risk. Id.

Here, nothing in plaintiff's allegations leads to an inference that the conditions he described were the result of a prison official's act either "implement[ing] a rule or restriction or otherwise demonstrat[ing] the existence of an identifiable intended condition or practice" or that the "official's acts or omissions

were sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by other officials, to prove an intended condition or practice." Id. at 645. Thus, the complained-of harm is a particular act or omission of one or more officials, and the deliberate indifference standard enunciated in Estelle v. Gamble, 429 U.S. 97, 104 (1976), applies.

Applying this standard, Whitaker's allegations do not constitute violations of the Constitution. Two requirements must be met before Section 1983 liability will arise for constitutional violations relating to conditions of confinement of the type Whitaker described.

First, the alleged deprivation must objectively be "sufficiently serious," which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Second, the inmate must show that a prison official was deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 847. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837 (emphasis added).

> The Supreme Court has recently reaffirmed that deliberate indifference is a <u>stringent</u> standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. . . . The "deliberate indifference" standard permits courts to separate omissions that amount to an intentional choice from those that are merely unintentionally negligent oversight[s].

<u>Southard v. Texas Bd. Of Crim. Justice</u>, 114 F.3d 539, 551 (5th Cir. 1997) (citations and quotations omitted) (emphasis added).

Whitaker's allegations meet neither of these two requirements. The conditions he described, while plainly not comfortable or pleasant, do not rise to a level of seriousness constituting a constitutional violation. Whitaker alleges no serious harm or risk of serious harm in the constitutional sense, and his medical records, a copy of which are attached hereto, reflect that plaintiff suffered no medical problem other than sinusitis.

Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." <u>Holloway v. Gunnell</u>, 685 F.2d 150, 156 (5th Cir. 1982). Courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." <u>Talib v. Gilley</u>, 138 F.3d 211, 215 (5th Cir. 1998) (citing <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981)); <u>accord</u> <u>Hernandez v. Velasquez</u>. 522 F.3d 556, 560 (5th Cir. 2008). While Whitaker may indeed have had to live for a few weeks without the benefit of an "intake kit" which would have provided him, free of charge, with various toiletries such as a

toothbrush, a review of Whitaker's prison account statement, attached hereto, reflects that he had ample funds to purchase the necessary toiletries. Plus, as noted earlier, Whitaker suffered no serious medical problem as a result of his being without the toiletries supplied in the "intake kit" for a period of two to three weeks.

III. <u>DENIAL OF RIGHT TO VOTE</u>

Whitaker, a pre-trial detainee during the pertinent time period,[3] alleges that he was unconstitutionally denied his right to vote in the most recent presidential election. The law is clear that while "a State may disenfranchise those convicted of a crime...[p]retrial detainees stand on a different footing.... <u>Lewis v. San Mateo County</u>, 1996 WL 708594, *1 (N.D. Cal. Dec. 5, 1996), citing <u>O'Brien v. Skinner</u>, 414 U.S. 524, 530-31 (1974) (statute which prohibits otherwise eligible pretrial detainees from registering or voting by absentee ballot found unconstitutional). However, the alleged disenfranchisement of a pre-trial detainee must be based upon deliberate indifference or reckless indifference on the part of prison officials, rather than mere negligence. <u>Id.</u>, citing <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443 (9th Cir. 1991) (<u>en banc</u>) (pretrial detainees must show deliberate

---

[3]<u>See</u> affidavit of Captain William Devilin, p. 2, attached hereto.

7

indifference or reckless indifference to state claim under §1983), cert. denied, 502 U.S. 1074 (1992).

A review of OPP's policy regarding the voting rights of prisoners, as set forth in exhibit A attached to Captain Devilin's affidavit, reflects that eligible prisoners are not prohibited from voting. Further, as evidenced by Captain Devilin's uncontested, sworn statement (attached hereto), Whitaker's inability to vote was attributable not to any deliberate indifference on the part of prison officials, but rather, at most, to negligence. Prisoners who desired to vote were instructed to sign their names on a list. Whether because Whitaker never received the instruction or failed to comply with the instruction, his name was not contained on the pertinent list and, therefore, the necessary steps for the purpose of casting a vote were not pursued. Accordingly, plaintiff's claim that he was unconstitutionally denied his right to vote is without merit.

IV. FAILURE TO DEPOSIT PAYROLL CHECKS INTO PRISONER ACCOUNT

Whitaker alleges that his constitutional rights were violated because his former employer, Maximum Staffing, sent to OPP his payroll checks, totaling between $300-$400, to be deposited into his prison account, but to no avail. The payroll checks never made it into his account. However, Whitaker admits that the checks were

not cashed by a third party and the pertinent records from OPP reflect that the checks described by Whitaker were not negotiated.[4]

Once again, assuming Whitaker's allegation is true, that prison officials failed to deposit payroll checks into his prisoner account, his allegation amounts to nothing more than negligence. There is no claim that prison officials stole his checks, but rather, simply, that they failed to deposit the checks. Such alleged negligence on the part of prison officials is insufficient to support Whitaker's claim that his civil rights were violated.

Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass

---

[4] See Affidavit of Sergeant Cynthia Golini attached hereto.

v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[5]

New Orleans, Louisiana, this __9th__ day of __August__, 2010.

_Alma L. Chasez_
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.